IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEREMY SAUL, M.D.**                                                                                    **PLAINTIFF**

v.                                    Case No. 4:20-cv-00786-KGB

**THE LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY**                                                                        **DEFENDANT**

## ORDER

Before the Court is defendant The Lincoln National Life Insurance Company's ("Lincoln") motion to dismiss and motion to strike (Dkt. No. 7). Plaintiff Jeremy Saul, M.D., responded to Lincoln's motion to dismiss and motion to strike, and he filed a separate motion for leave to file an amended complaint (Dkt. Nos. 9, 10). Lincoln has replied to the response to the motion to dismiss and motion to strike (Dkt. No. 14). For the following reasons, the Court grants Dr. Saul's motion for leave to file an amended complaint (Dkt. No. 10) and denies as moot Lincoln's motion to dismiss and motion to strike (Dkt. No. 7).

### I.   Background

Dr. Saul was employed by St. Mary's Regional Medical Center ("St. Mary's") as a family medicine physician from August 11, 2009, to October 25, 2016 (Dkt. No. 2, ¶ 10). As a family medicine physician, Dr. Saul performed tasks including examining patients; ordering tests; analyzing reports and findings; diagnosing conditions; prescribing treatments and drugs; immunizing patients; advising patients concerning, diet, hygiene, and methods for prevention of disease; referring patients to medical specialists; and performing minor surgery (*Id.*, ¶ 11). Dr. Saul alleges that he suffers from migraine headaches and thoracic radiculopathy and is treated with narcotic pain medication (*Id.*, ¶ 13). He contends that he became unable to perform the material and substantial duties of his occupation as a family medicine physician beginning

October 25, 2016 (*Id*., ¶ 14).  Lincoln denied Dr. Saul's claim for benefits under a long term disability insurance policy on August 1, 2017, and it upheld that decision on appeal on May 8, 2018, and August 15, 2018 (*Id*., ¶¶ 20-24).

On January 1, 2013, Lincoln issued a group long-term disability insurance policy, number 000010164339 ("the Policy") to RCHP, LLC d/b/a RCCH Healthcare Partners ("RCCH") (Dkt. No. 1 at 19-213).  The Policy funded disability benefits under an employee welfare benefit plan ("the Plan") established and maintained by RCCH (*Id*. at 165).  Dr. Saul was an eligible participant in the Plan as an employee of St. Mary's (Dkt. Nos. 1, at 162; 2, ¶ 2).  The Plan was established and is maintained by RCCH, a limited liability company (Dkt. No. 1, at 162).  RCCH contributed the premiums for the Policy (*Id*., at 22-23).  The Policy terms state that it is governed by the Employee Retirement Income Security Act ("ERISA") (*Id*. at 34, 74).  Additionally, the summary plan description includes language reflecting that the Plan is governed by ERISA (*Id*., at 96-97).

In a complaint filed in the Circuit Court of Pope County, Arkansas, Dr. Saul alleged state-law breach of contract and bad faith claims resulting from Lincoln's denial of benefits under the Policy (Dkt. No. 2, ¶¶ 25-40).  Dr. Saul also alleged that, because the Plan was "established and maintained for the employees of a church-affiliated organization, the Plan is a 'church plan' as that term is defined by the Employee Retirement Income Security Act . . . . As such, it is not governed by ERISA" (*Id*., ¶ 8).  Lincoln removed the case to this Court based on ERISA preemption and diversity (Dkt. No. 1).

Lincoln moved to dismiss Dr. Saul's complaint arguing that his state law breach of contract and bad faith claims are preempted by ERISA (Dkt. No. 7).  Additionally, Lincoln

moved to strike Dr. Saul's request for extra-contractual damages and the jury demand arguing that those claims are improper under ERISA (*Id.*).

Dr. Saul has responded to the motion to dismiss and motion to strike (Dkt. No. 9). In his response, Dr. Saul denies that his state law claims are preempted by ERISA, but, alternatively, he asks the Court to permit discovery into the issue of whether or not the Plan at issue is a "church plan" as defined by ERISA (Dkt. Nos. 9, at 1; 11, at 10-12). Dr. Saul also filed a separate motion for leave to amend his complaint "to include Federal causes of action under ERISA." (Dkt. No. 10, ¶ 3). Lincoln replied to the response and again asked the Court to dismiss with prejudice all of Dr. Saul's state-law claims and strike his request for extra-contractual damages and jury demand (Dkt. No. 14, at 5). In the alternative, Lincoln states that it "does not oppose Plaintiff's motion to amend his complaint to replace his preempted state-law claims with ERISA claims." (Dkt. No. 14, at 5).

## II. Motion To Amend

In his motion to amend, Dr. Saul opposes Lincoln's motion to dismiss; asserts that at least he should be entitled to conduct discovery into the issue of whether the Plan is a "church plan"; and requests in the alternative that, in the event the Court is inclined to grant Lincoln's motion to dismiss, he be given leave to amend his complaint "to include Federal causes of action under ERISA." (Dkt. No. 10, ¶¶ 2-3). Dr. Saul asserts that "such amendment would avoid the necessity of a dismissal and re-filing of the Complaint, would serve the interests of judicial economy, and should be freely given pursuant to Fed. R. Civ. P. 15(a)." (Dkt. No. 10, ¶ 3)

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion

under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent, or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Lincoln filed its response to Dr. Saul's complaint by filing a motion to dismiss and motion to strike on July 16, 2020 (Dkt. No. 7).  On July 30, 2021, 14 days later, Dr. Saul responded to the motion to dismiss and motion to strike and, alternatively, filed a separate motion for leave to file an amended complaint (Dkt. Nos. 9, 10).  Dr. Saul filed his motion for leave to amend within 21 days after service of a responsive pleading as contemplated by Rule 15(a)(1).  Further, in its reply to the response, Lincoln states that the Court should dismiss Dr. Saul's claims and strike his request for extra-contractual damages and jury demand, but, in the alternative, "Lincoln does not oppose Plaintiff's motion to amend his complaint to replace his preempted state-law claims with ERISA claims" (Dkt. No. 14, at 5).  Thus, Dr. Saul's motion for leave to amend also falls within Rule 15(a)(2) because Dr. Saul has Lincoln's consent to amend his complaint.

At this stage of the litigation, the Court observes that the Federal Rules of Civil Procedure explicitly allow parties to include in their pleadings demands for alternative relief, "set out 2 or more statements of a claim or defense alternatively or hypothetically," and "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(a)(3); 8(d)(2), (3).  The Court also observes that Dr. Saul's motion for leave to file an amended complaint fails to comply with Rule 5.5(e) of the Local Rules of the Eastern and Western Districts of Arkansas which provides that, "[a] party who moves to amend a pleading shall attach a copy of the amendment to the motion."  The Court finds, however, that Dr. Saul's failure to

4

comply with Local Rule 5.5(e) does not prevent the Court from granting the motion because Dr. Saul's motion states that he seeks leave to amend to "include federal claims under ERISA" (Dkt. No. 11, at 1). Additionally, Lincoln does not object to the amended complaint on this ground and asks that, if the Court does not grant its motion to dismiss, the Court "*require* Plaintiff to amend his complaint and recast his preempted state-law claims as ERISA claims." (Dkt. No. 14, at 1 (emphasis added)).

Dr. Saul has not submitted to the Court for review his proposed amended complaint; it is unclear to the Court how Dr. Saul intends to amend his complaint to assert his claims. Dr. Saul has a right to plead in the alternative. Given these considerations, the Court, in accordance with Federal Rule of Civil Procedure 15(a), grants Dr. Saul's motion for leave to amend his complaint and directs Dr. Saul to file his amended complaint within 14 days of the entry of this Order (Dkt. No. 10).

### III.  Motion To Dismiss

Lincoln filed a motion to dismiss and motion to strike Dr. Saul's complaint on grounds that his state law breach of contract and bad faith claims are preempted by ERISA (Dkt. No. 7). Dr. Saul responded to the motion to dismiss and denied that his state law claims are preempted by ERISA, but, alternatively, he asked the Court to permit discovery into the issue of whether or not the Plan at issue is a "church plan" as defined by ERISA (Dkt. Nos. 9, 11).

"[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot." *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to

dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)). Thus, under Eighth Circuit precedent, the Court's granting of Dr. Saul's motion for leave to file an amended complaint renders moot Lincoln's previously filed motion to dismiss (Dkt. Nos. 7, 10). Accordingly, the Court denies as moot Lincoln's pending motion to dismiss (Dkt. No. 7).

The Court recognizes that Lincoln might wish to assert some of its arguments raised in support of its request to dismiss Dr. Saul's original complaint in response to Dr. Saul's amended complaint, depending on the claims Dr. Saul asserts in his amended complaint. Should Lincoln seek to dismiss all or part of Dr. Saul's amended complaint, Lincoln must file a separate motion responsive to the amended complaint.

### IV. Conclusion

For the above reasons, the Court grants Dr. Saul's motion for leave to file an amended complaint (Dkt. No. 10). The Court directs Dr. Saul to file his amended complaint within 14 days from the entry of this Order. The Court denies as moot Lincoln's motion to dismiss (Dkt. No. 7).

It is so ordered this 31st day of March, 2021.

_____
Kristine G. Baker
United States District Judge